

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

MATTHEW J. MODAFFERI
*Assistant Corporation Counsel*
Tel.: (212) 788-1652
Fax: (212) 788-9776
mmodaffe@law.nyc.gov

August 24, 2011

**BY ECF AND HAND DELIVERY**
Honorable Frederic Block
United States District Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

   Re:  John Tabor v. City of New York et. al., 11-CV-195 (FB)(CLP)

Your Honor:

   I am an Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel of the City of New York, representing defendants City of New York, Detectives James Ropenus, Danielle McLaughlin, Police Officer Joseph Singletary, Assistant District Attorneys Keisha Espinal, Lauren Parsons, Kenneth Applebaum, Marjorie Fisher, District Attorney Richard Brown and Police Commissioner Raymond Kelly in the above-referenced matter. Defendants write pursuant to Rules 26(c) and 42(b) of the Federal Rules of Civil Procedure to respectfully request that the Court bifurcate plaintiff's claims against the individually named defendants from those against the City of New York, and stay Monell discovery until a date after which liability has been proven against the individual defendants.[1] Plaintiff's counsel, Duncan Peterson, Esq., does not consent to this request.

   By way of background, plaintiff was arrested on March 29, 2009 after a victim had reported both orally and in a written statement that she was forcibly raped by her mother's ex-boyfriend when she was fifteen. On April 16, 2009, plaintiff was indicted on the rape charges. On March 26, 2010, plaintiff was acquitted at trial.

---

[1] Although this matter is referred to Magistrate Judge Cheryl L. Pollak for general pretrial matters, defendants make this application to Your Honor as it bears on the overall management of the case and trial. Magistrate Judge Pollak is also being sent a copy of this request.

On January 13, 2011, plaintiff filed this civil action alleging that the individual defendants falsely arrested and maliciously prosecuted him. Plaintiff also alleges that defendants City of New York, District Attorney Brown, ADA Fisher, ADA Applebaum and Commissioner Kelly are liable under a Monell theory because the Queens District Attorney's Office has an alleged unconstitutional policy of refusing to investigate cases where an accused person refuses to sign a pre-arraignment waiver. See Plaintiff's complaint, ¶¶ 182-183.

Plaintiff's Monell allegation and plaintiff's notice of deposition for a Federal Rule of Civil Procedure 30(b)(6) witness (annexed hereto as Exhibit A), are precursors to extensive and potentially unnecessary discovery that plaintiff intends to take in pursuit of his municipal liability claim. In addition to the 30(b)(6) witness, plaintiff will likely seek to depose ADA supervisors Fisher and Applebaum, as well as other individuals involved in interviewing detainees prior to their arraignment in Queens.

As set forth below, bifurcating this action will foster the goals of convenience and efficiency and will conserve the time and resources of the Court and the parties. It will also avoid prejudice to the individual defendants should the claims against them proceed to trial. These are precisely the goals that bifurcation is intended to achieve. See Fed. R. Civ. P. 42(b); Vichare v. AMBAC, Inc., 106 F.3d 457, 466 (2d Cir. 1996); Ricciuti v. New York City Trans. Auth., 796 F. Supp. 84, 86 (S.D.N.Y. 1992). If even one of these criteria is met, a court should order separate trials. Ricciuti, 796 F. Supp. at 86; West v. City of New York, 1996 U.S. Dist. LEXIS 6239 at *16 (S.D.N.Y. May 8, 1996); Ismail v. Cohen, 706 F. Supp. 243, 251 (S.D.N.Y. 1989), aff'd, 899 F.2d 183 (2d Cir. 1990). Separate trials are appropriate where the resolution of a single issue may resolve a case and make the trial of other issues unnecessary, Ismail, 706 F. Supp. at 250–52, or where the issues are distinct, involve different types of proof, and separate trials will not result in substantial overlap of evidence. Katsaros v. Cody, 744 F.2d 270, 278 (2d Cir.), cert. denied, Cody v. Donovan, 469 U.S. 1072 (1984); Ismail, 706 F. Supp. at 251. Here, all of the Rule 42(b) criteria favor bifurcation. Bifurcation will expedite the resolution of the case, and avoid potential prejudice to the individual police officer defendants should the claims against them proceed to trial. No prejudice will result to plaintiff.

### (1) The Importance of Efficiency and the Speedy Resolution of Claims

To hold the City liable pursuant to § 1983, a plaintiff must show that the execution of an official City policy or custom was the "moving force behind the constitutional violation . . . ." Monell v. Dep't of Soc. Srvcs., 436 U.S. 658, 694-95 (1978). Thus, plaintiff must first establish that the individual defendants' actions amounted to a constitutional tort, and then must show that the alleged constitutional deprivation was caused by a municipal policy or custom. City of Canton v. Harris, 489 U.S. 378 (1989); Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985). If they cannot do so, their Monell claim against the City must fail.[2] For this reason, among others, courts in this Circuit favor bifurcating Monell claims. Williams v. City of

---

[2] Here, it is highly unlikely that plaintiff will be able to establish a constitutional violation because there was probable cause for plaintiff's arrest and prosecution due to the victim's complaint. Similarly, it is unlikely that plaintiff will be able to establish that the alleged policy of the Queens District Attorney's Office caused him any injury.

New York, 07-CV-5362 (NG)(VVP), 2008 U.S. Dist. LEXIS 104730 at *8 (E.D.N.Y. Dec. 29, 2008) (noting that bifurcation of civil rights trials is a common practice in this Circuit; citing Amato v. City of Saratoga Springs, 170 F.3d 311, 316 (2d Cir. 1999); Busch v. City of New York, 00 CV 5211 (SJ), 2002 U.S. Dist. LEXIS 18337 at *9-10 (E.D.N.Y. Sept. 9, 2002); Masi v. City of New York, 98 Civ. 6802 (MBM), 1999 U.S. Dist. LEXIS 13488 at *1-2 (S.D.N.Y. Sept. 2, 1999)).[3]  Courts recognize that the issue of municipal liability goes well beyond the question of whether the individual plaintiff's rights were violated on the date of incident. See, e.g., Padilla, 1993 U.S. Dist. LEXIS 17 at *2. Judicial efficiency is served where a separate trial disposes of one claim or establishes a necessary element of a second claim. Ismail, 706 F. Supp. at 251; Daniels, 178 F.R.D. at 47. Furthermore, where plaintiffs' Monell allegations are themselves speculative, discovery is not a proper mechanism to create support for tenuous claims. See, e.g., Roth v. Jennings, 03-CV-7760 (DAB), 2006 U.S. Dist. LEXIS 4266 at *19 (S.D.N.Y. Feb. 2, 2006); vacated on other grounds, 489 F.3d 499 (2d Cir. 2007).

Here, considerations of efficiency and convenience weigh strongly in favor of bifurcating the Monell claims for the purposes of discovery and possibly trial, and thus resolving plaintiff's claims against the individual defendants before undertaking the burdensome and time-consuming task of litigating the Monell claim. Plaintiff seeks to depose numerous individuals about information concerning the Queens District Attorney's Office and its practices and policies. This discovery, however, will be superfluous if the plaintiff fails to establish that his constitutional rights were violated as a result of the actions of the individual defendants. The effect of bifurcation will be to greatly expedite the resolution of plaintiff's claims against the

---

[3] See also Jones v. City of New York, 10 CV 5387 (BMC), 2011 U.S. Dist. LEXIS 31561, at *2-3 (E.D.N.Y. Mar. 27, 2011); Vives v. City of New York, 02 Civ. 6646 (JSM)(HBP), 2003 U.S. Dist. LEXIS 1833 at *2-3 (S.D.N.Y. Feb. 10, 2003); Duke v. County of Nassau, 97-CV-1495 (JS)(ETB), 2000 U.S. Dist. LEXIS 22415 at *2-3 (E.D.N.Y. Oct. 26, 2000); Daniels v. Loizzo, 178 F.R.D. 46, 47-49 (S.D.N.Y. 1998); Doe v. Yorkville Plaza Assocs., 92 Civ. 8250 (JGK), 1997 U.S. Dist. LEXIS 10103 at *1-2 (S.D.N.Y. July 11, 1997); Morales v. Irizarry, 95 Civ. 5068(AGS)(HBP), 1996 U.S. Dist. LEXIS 15613 at *3 (S.D.N.Y. Oct. 22, 1996) ("[t]he overwhelming weight of authority holds that . . . the most prudent course is to try the Monell claims separately and to stay discovery concerning those claims . . . ."; observing that substantially different proof was needed to try the Monell claims than to establish individual liability); West v. City of New York, 88 Civ. 1801 (DC), 1996 U.S. Dist. LEXIS 6239 at *16 (S.D.N.Y. May 8, 1996) (granting motion to stay remaining discovery where it concerned municipal liability, and finding that [Monell] discovery "would be unnecessary if defendants prevail on the individual claims"); Padilla v. City of New York,  92 Civ. 1212 (MBM), 1993 U.S. Dist. LEXIS 17 at *2 (S.D.N.Y. Jan. 4, 1993) (staying Monell discovery, ordering trial bifurcated, and noting that "if the case is tried only on the issue of individual defendant liability, there may be no need to consider the issue of municipal liability regardless of the outcome of such a trial. If the verdict is in favor of the individual defendants, that ends the case; if the verdict is in favor of plaintiff, the City has a substantial incentive to settle the case. The case will be tried more quickly if discovery and trial are so limited."); Fisher v. City of New York, 90 Civ. 8163 (LJF), 1992 U.S. Dist. LEXIS 3436 at *9 (S.D.N.Y. Mar. 20, 1992) (recognizing the possibility that a second trial may not be necessary outweighs inconvenience of having to empanel second jury).

individual defendants and conserve resources until it is clear that it is necessary for the parties to expend resources for discovery and a trial of the Monell claim.

Moreover, judicial economy would best be served by bifurcation. If Monell discovery is stayed, it will avoid the need for judicial intervention in what will doubtless prove to be ongoing issues. Bifurcation for discovery and trial would also conserve resources. If defendants' move for summary judgment on the grounds that there is no dispute of fact concerning probable cause for plaintiff's arrest and prosecution, as anticipated, discovery with respect to the Monell theory is not needed. Should plaintiff's claims against the individual defendants survive summary judgment, but plaintiff fails to prove that he was falsely arrested or maliciously prosecuted at trial, then discovery and a trial with respect to the Monell theory would also not be needed.[4] For these reasons, the interests of convenience and economy favor bifurcation of plaintiff's Monell claim and a stay of Monell discovery.

### (2) The Likelihood of Prejudice and Juror Confusion

The great potential for prejudice to the defendants and jury confusion also warrants bifurcation. Separate trials should be ordered where a danger exists that evidence admissible on one issue will cause prejudice by confusing jurors in considering liability on other issues. Ricciuti, 796 F. Supp. at 86; Ismail, 706 F. Supp. at 251 (("issues relating to conduct by the City or [the individual officers] will "contaminate" the mind of the finder of fact in its consideration of the liability of the other defendant); Fisher, 1992 U.S. Dist. LEXIS 3436 at *6 (same). Any evidence concerning the constitutionality of a purported policy on the part of the Queens District Attorney's Office of questioning a pre-trial detainee would serve to complicate a simple complaining victim false arrest case. Thus, if the claims are not bifurcated, there is risk of jury confusion and a potential for prejudice to the individual defendants. Given the risk of prejudice and the limited scope of this false arrest case, plaintiff's Monell claim should be tried separately from those against the individual defendants and Monell discovery should be stayed.

For the above reasons, defendants respectfully request that the Court bifurcate plaintiff's claims against the City of New York and stay Monell discovery until a date after which liability has been proven against an individual defendant.

Thank you for your consideration herein.

Respectfully submitted,

*[signature]*

Matthew J. Modafferi
Assistant Corporation Counsel
Special Federal Litigation Division

---

[4] Litigating plaintiff's Monell claim may prove unnecessary because, if plaintiff recovers damages from the individual defendants, there would be no basis for a recovery against the City.


cc:    Duncan Peterson, Esq. (By ECF)
Peterson Delle Cave LLP
*Attorney for plaintiff*
233 Broadway, Suite 1800
New York, New York 10279

Honorable Cheryl L. Pollak (By ECF and First Class Mail)
United States Magistrate Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East, Room 1230
Brooklyn, New York 11201

# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

JOHN TABOR,

                              PLAINTIFF,

        -AGAINST-

NEW YORK CITY, DETECTIVE JAMES ROPENUS,
DETECTIVE MCLAUGHLIN, POLICE OFFICER
SINGLETARY, ASSISTANT DISTRICT ATTORNEY
KEISHA ESPINAL, ASSISTANT DISTRICT
ATTORNEY LAUREN PARSONS, ASSISTANT
DISTRICT ATTORNEY KENNETH APPLEBAUM,
ASSISTANT DISTRICT ATTORNEY MARJORIE
FISHER, DISTRICT ATTORNEY RICHARD BROWN,
AND POLICE COMMISSIONER RAYMOND KELLY,
IN THEIR INDIVIDUAL AND PROFESSIONAL
CAPACITIES,

                              DEFENDANTS.

------------------------------------------------------------------ X

**NOTICE OF DEPOSITION PURSUANT TO 30(b)(6)**

11 CV 00195 (FB)(CLP)

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, plaintiff, Mr. John Tabor, by his attorney, Duncan Peterson, will take the deposition of a member of the Queens County District Attorney's Office ("QCDAO"), before a notary public or other officer authorized by law to administer oaths at the office of PetersonDelleCave LLP located at 233 Broadway, suite 1800, New York, New York, 10279 **on a date and time to be determined,** and continuing thereafter until concluded. The Queens County District Attorney's Office has a duty to designate a representative. The deposition will inquire about all waivers including the pre-arraignment interviews conducted by the Queens County District Attorney's Office as described in the Complaint, the investigation and prosecution of sexual

crimes by the QCDAO, including but not limited to the gathering of evidence, interviewing of witnesses, crime scene investigation, the investigation of alibis, presenting cases to the Grand Jury, and the ongoing relationship with the NYPD during the investigation and prosecution. The deposition will be recorded by stenographic means.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Federal Rules of Civil Procedure, the deponent is required to produce at his deposition all documents, mentioned in Exhibit A at this time.

Dated:   New York, New York
         August 21, 2011

                                      PetersonDelleCave LLP
                                      Attorney for Plaintiff
                                      233 Broadway, Suite 1800
                                      New York, New York 10279
                                      (212) 240-9075

By: _____
      Duncan Peterson (DP7367)

To:   Matthew Modaferri
      Attorney for Defendants
      100 Church Street
      New York, New York 10007
      (212) 788-1692

## EXHIBIT A

Pursuant to the Federal Rules of Civil Procedure, the deponent is required to produce upon his deposition all of the following documents:

1. Any and all documents prepared by defendant relating to the incident in question;

2. Any and all documents identifying any person who witnessed, was present at, or has knowledge of the alleged incidents;