ORIGINAL
b&f
c/m

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
JOHN TABOR,

                Plaintiff,

    -against-                    **MEMORANDUM AND ORDER**
                                        Case No. 11-CV-0195 (FB) (CLP)
NEW YORK CITY, DETECTIVE JAMES
ROPENUS, DETECTIVE MCLAUGHLIN,
POLICE OFFICER SINGLETARY,
ASSISTANT DISTRICT ATTORNEY
KEISHA ESPINAL, ASSISTANT
DISTRICT ATTORNEY LAUREN
PARSONS, ASSISTANT DISTRICT
ATTORNEY KENNETH APPLEBAUM,
ASSISTANT DISTRICT ATTORNEY
MARJORIE FISHER, DISTRICT
ATTORNEY RICHARD BROWN, and
POLICE COMMISSIONER RAYMOND
KELLY, in their individual and
professional capacities,

                Defendants.
-------------------------------------------------------x

**BLOCK, Senior District Judge:**

        On February 23, 2012, Magistrate Judge Pollak issued a report and recommendation ("R&R") in this action. As pertinent here, the magistrate judge recommended that all claims against defendants Keisha Espinal, Lauren Parsons, Kenneth Applebaum, Marjorie Fisher, Richard Brown and Raymond Kelly be dismissed.[1]

        The R&R recited that "[a]ny objections to this Report and Recommendation must

---

[1] The remainder of the R&R addressed matters within the magistrate judge's non-dispositive, pretrial jurisdiction.

be filed with the Clerk of the Court . . . within fourteen (14) days," and that "[f]ailure to file objections within the specified time waives the right to appeal the District Court's order." R&R at 23. The R&R was electronically served on all parties. *See* Receipt for Docket Entry #27. To date, no objections have been filed.

If clear notice has been given of the consequences of failure to object, and there are no objections, the Court may adopt the R&R without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985); *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). The Court will excuse the failure to object, however, and conduct *de novo* review if it appears that the magistrate judge may have committed plain error. *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000).

The R&R contains no error, let alone plain error. Accordingly, the Court adopts it without *de novo* review. The claims against the aforementioned defendants are, accordingly, dismissed.

**SO ORDERED.**

s/ Judge Frederic Block

FREDERIC BLOCK
Senior United States District Judge

March 13, 2012
Brooklyn, New York

2