UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

JOHN TABOR,

                                    Plaintiff,

-against-

NEW YORK CITY, DETECTIVE JAMES ROPENUS,
DETECTIVE MCLAUGHLIN, POLICE OFFICER
SINGLETARY, ASSISTANT DISTRICT ATTORNEY
KEISHA ESPINAL, ASSISTANT DISTRICT
ATTORNEY LAUREN PARSONS, ASSISTANT
DISTRICT ATTORNEY KENNETH APPLEBAUM,
ASSISTANT DISTRICT ATTORNEY MARJORIE
FISHER, DISTRICT ATTORNEY RICHARD BROWN,
AND POLICE COMMISSIONER RAYMOND KELLY,
IN THEIR INDIVIDUAL AND PROFESSIONAL
CAPACITIES,

                                      Defendants.

------------------------------------------------------------------------- x

**DECLARATION OF MATTHEW J. MODAFFERI IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

11-CV-195 (FB)(CLP)

      **MATTHEW J. MODAFFERI** declares, pursuant to 28 U.S.C. §1746, under penalty of perjury, that the following is true and correct:

      I am an Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendants City of New York, Detective James Ropenus, retired Detective Danielle McLaughlin and Detective Joseph Singletary. As such, I am familiar with the facts stated below. I submit this declaration in support of defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

1. Annexed as Exhibit "A" is a copy of plaintiff's complaint filed in the United States District Court for the Eastern District of New York on January 13, 2011 (hereinafter "Exhibit A").

2. Annexed as Exhibit "B" is a copy of the transcript from plaintiff's deposition which occurred on August 8, 2011 (hereinafter "Exhibit B").[1]

3. Annexed as Exhibit "C" is a copy of the most recent version of the docket sheet for the Tabor v. City, et al., matter bearing docket number 11-CV-195 (hereinafter "Exhibit C").

4. Annexed as Exhibit "D" is a copy of Magistrate Judge Pollak's Report and Recommendation dated February 23, 2012 recommending the (1) denial of plaintiff's motion to amend the complaint, (2) dismissal of plaintiff's claims against defendants DA Brown, Commissioner Kelly, and ADAs Espinal, Parson, Applebaum and Fisher, and (3) bifurcation of discovery concerning plaintiff's Monell claim until after summary judgment is decided (hereinafter "Exhibit D").

5. Annexed as Exhibit "E" is a copy of the Honorable Frederic Block's Order dated March 13, 2012 fully adopting Magistrate Judge Pollak's Report and Recommendation (hereinafter "Exhibit E").

6. Annexed as Exhibit "F" is a copy of the NYPD Complaint Report, bearing Bates stamped number NYC 3 – 4, concerning the victim's complaint that plaintiff had forcibly raped her (hereinafter "Exhibit F").

---

[1] Defendants have attached only relevant excerpts of the transcript from plaintiff's deposition, as the deposition transcript is one hundred and twenty one pages in length. However, defendants will provide the Court with a complete copy of the transcript from plaintiff's deposition should the Court require.

7. Annexed as Exhibit "G" is a copy of the Domestic Incident Report, bearing Bates stamped number NYC 52, generated after the victim complained that plaintiff took off her pants, choked her while holding her down and had intercourse with her, penis to vagina (hereinafter "Exhibit G").

8. Annexed as Exhibit "H" is a copy of the Domestic Incident Report: Statement of Allegations / Supporting Deposition, dated March 22, 2009, bearing Bates stamped number NYC 53, which is a sworn signed statement from the victim detailing the forcible rape by plaintiff (hereinafter "Exhibit H").

9. Annexed as Exhibit "I" is a copy of Detective Ropenus' DD5, bearing Bates stamped number NYC 33, which states that Detective Ropenus was informed by the 113th Precinct that there was a nineteen year old female at the 113th Precinct stating that four years ago her stepfather forcibly raped her (hereinafter "Exhibit I").

10. Annexed as Exhibit "J" is a copy of the transcript generated from Detective Ropenus' deposition which occurred on August 19, 2011 (hereinafter "Exhibit J").

11. Annexed as Exhibit "K" is a copy of Detective Ropenus' DD5, bearing Bates stamp number NYC 32, which states that he ran the plaintiff in Ejustice, based on the victim and victim's mothers statements to Detective Asman that the plaintiff served two and a half years out of state for burglary, with negative results (hereinafter "Exhibit K").

12. Annexed as Exhibit "L" is a copy of Detective Ropenus' DD5, bearing Bates stamp number NYC 26, which states that he interviewed the complaining victim who informed him that plaintiff forcibly raped her on the last day the subject was home before he was arrested for burglary in Connecticut (hereinafter "Exhibit L").

13. Annexed as Exhibit "M" is a copy of Detective Ropenus' DD5, bearing Bates stamp number NYC 25, which states that he interviewed the victim's mother (hereinafter "Exhibit M").

14. Annexed as Exhibit "N" is a copy of Detective Ropenus' DD5, bearing Bates stamp number NYC 31, which states that he conducted a canvass of the area around plaintiff's home (hereinafter "Exhibit N").

15. Annexed as Exhibit "O" is a copy of Detective Ropenus' DD5, bearing Bates stamp number NYC 29, which states that he contacted the Real Time Crime Unit to see if they were able to determine if plaintiff was arrested outside of the State of New York (hereinafter "Exhibit O").

16. Annexed as Exhibit "P" is a copy of Detective Ropenus' DD5, bearing Bates stamp number NYC 30, which states that Detective Ropenus ran plaintiff in several other databases which generated no reports (hereinafter "Exhibit P").

17. Annexed as Exhibit "Q" is a copy of Detective Ropenus' DD5, bearing Bates stamp number NYC 28, which states that he faxed an Investigation Card for plaintiff to the want desk (hereinafter "Exhibit Q").

18. Annexed as Exhibit "R" is copy of Detective Ropenus' DD5, bearing Bates stamped number NYC 21, which states that Detective Ropenus canvassed the area around plaintiff's home and observed no activity (hereinafter "Exhibit R").

19. Annexed as Exhibit "S" is a copy of Detective Ropenus' DD5, bearing Bates stamped number NYC 20, which states that Detective Ropenus and Detective Singletary went to plaintiff's home, rang the bell and no one was home (hereinafter "Exhibit S").

20. Annexed as Exhibit "T" is a copy of Detective Ropenus' DD5, bearing Bates stamped number NYC 19, which states that Detective Ropenus and Detective McLaughlin went to plaintiff's home and requested that he come with them to the precinct where he was placed under arrest for the rape of the victim (hereinafter "Exhibit T").

21. Annexed as Exhibit "U" is a copy of the arrest report, bearing Bates stamped number NYC 5 – 7, which states that plaintiff was arrested for rape in the first degree for forcibly placing his penis in the victim's vagina (hereinafter "Exhibit U").

22. Annexed as Exhibit "V" is a copy of the Special Victims Early Case Enhancement Report, bearing Bates stamped numbers NYC 171 – 179, which states that the victim was interviewed by ADA Espinal and informed ADA Espinal that plaintiff forcibly raped her (hereinafter "Exhibit V").

23. Annexed as Exhibit "W" is a copy of the Criminal Court Complaint, bearing Bates stamped numbers NYC 37 - 38 (hereinafter "Exhibit W").

24. Annexed as Exhibit "X" is a copy of the deposition transcript generated from the deposition of ADA Lauren Parson which occurred on September 6, 2011 (hereinafter "Exhibit X").[2]

25. Annexed as Exhibit "Y" is a copy of the Indictment, bearing Bates stamped numbers NYC 66 – 68, which states that the Grand Jury returned a true bill on the charges of

---

[2] Defendants have attached only relevant excerpts of the transcript from Assistant District Attorney Lauren Parson's deposition, as the deposition transcript is one hundred and seventeen pages in length. However, defendants will provide the Court with a complete copy of the transcript from ADA Parson's deposition should the Court require

rape in the first degree, rape in the third degree subsection 2 and rape in the third degree subsection 3 (hereinafter "Exhibit Y").

26. Annexed as Exhibit "Z" is a copy of New York State Supreme Court Justice Griffin's Decision, bearing Bates stamped numbers NYC 101 – 104, where plaintiff's motion to dismiss the indictment was denied (hereinafter "Exhibit Z").

27. Annexed as Exhibit "AA" is a copy of a portion of criminal trial transcript containing some of the victim's testimony, bearing Bates stamped numbers NYC 585 – 590, where the victim testified that she was forcibly raped by plaintiff (hereinafter "Exhibit AA").

28. Annexed as Exhibit "BB" is a copy of the Certificate of Disposition, bearing Bates stamped number NYC 58, which states that plaintiff was acquitted (hereinafter "Exhibit BB").

Dated: New York, New York
       August 20, 2012

                        MICHAEL A. CARDOZO
                        Corporation Counsel of the City of New York
                        Attorney for Defendants City of New York,
                        Detective Ropenus, Detective McLaughlin and
                        Detective Singletary
                        100 Church Street
                        New York, New York 10007
                        (212) 788-1652

                        By: _____/s/_____
                             MATTHEW J. MODAFFERI